UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VENISHA BECKFORD,

    Plaintiff,

v.                                                      Case No. 8:21-cv-1501-CEH-CPT

SKY GROUP USA, LLC,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff Venisha Beckford's motion for a default judgment against Defendant Sky Group USA, LLC (Sky Group). (Doc. 33). For the reasons set forth below, Beckford's motion is denied without prejudice.

I.[1]

This action stems from a $300 cash loan that Sky Group extended to Beckford in December 2019 for Beckford's family, personal, and household needs. (Doc. 1).

---

[1] Unless stated otherwise, the background set forth herein is based upon the factual allegations contained in Beckford's complaint (Doc. 1), which are deemed to be true for purposes of her motion. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005); *E.E.O.C. v. Titan Waste Servs. Inc.*, 2014 WL 931010, at *6 (N.D. Fla. Mar. 10, 2014). The Court therefore disregards any supplemental or contrary factual averments contained in Beckford's motion, including those where she mistakenly refers to herself as "Ms. Owens."

Sky Group made this loan to Beckford through its Sky Cash USA website and charged her an annual interest rate of 684.38%. *Id.*

After wiring the loan amount to Beckford's checking account, Sky Group began automatically debiting payments from that account. *Id.* Those withdrawals eventually totaled more than $500 and caused Beckford's account to be overdrawn, resulting in her being assessed overdraft fees. *Id.* Despite the sum she had already paid on the loan, Sky Group advised Beckford that she still owed $617.85 and attempted to recover those monies through various forms of communication, including text messages, email, and telephone. *Id.*

As a result of these events, in November 2020, Beckford sued Sky Group (and the company to which Sky Group allegedly transferred or assigned her loan), asserting claims against Sky Group for violations of Florida's Consumer Collection Practices Act (FCCPA), Florida Statue § 559.55, *et seq.* and Florida's Civil Remedies for Criminal Practices Act, Florida Statute § 772.101. *Id.*; *see also Beckford v. Sky Group USA, LLC, et al.*, No. 8:20-cv-2813-KKM-JSS, (Doc. 1) (M.D. Fla. Nov. 30, 2020). In March 2021, Beckford and Sky Group reached a stipulated resolution in that action, *Beckford*, No. 8:20-cv-2813-KKM-JSS at (Doc. 22) (M.D. Fla. Mar. 3, 2021), which apparently included an agreement by Sky Group to cease collection on Beckford's debt (Doc. 1). Notwithstanding this purported agreement, Beckford received an email in June 2021 that bore the subject header "PAST DUE NOTICE," asserted she still owed $617.85, and was signed by an entity named "Sky Cash Collections." *Id.*

Following this June 2021 communication, Beckford initiated the instant action against Sky Group, asserting both a new FCCPA claim and a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. *Id.* Counsel for Sky Group appeared in the case shortly thereafter and moved to stay the proceedings and to compel arbitration. *See* (Docs. 9, 11, 12, 14).

Months later, however, Sky Group's attorneys requested and received the Court's permission to withdraw from the action. (Docs. 25, 26). In its Order authorizing this withdrawal, the Court set a deadline for Sky Group to retain a new lawyer and to inform the Court of the name and contact information of substitute counsel. (Doc. 26). Sky Group did not comply with this directive, nor did it seek additional time in which to do so. In light of this failure, Beckford subsequently requested and obtained a clerk's default against Sky Group. (Docs. 27, 32).

By way of the instant motion, Beckford now asks that the Court enter a default judgment against Sky Group on her FDCPA and FCCPA claims. (Doc. 33). Sky Group has not responded to Beckford's motion, and the time for doing so has expired. M.D. Fla. R. 3.01(c). The matter is therefore ripe for the Court's consideration.

II.

Federal Rule of Civil Procedure 55 provides that where, as here, a clerk's default has been entered, a plaintiff may apply to either the clerk or the court for the entry of a default judgment.[2] Fed. R. Civ. P. 55(b). Prior to awarding such relief, however, a

---

[2] Rule 55 also states that where, as in this case, "the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with

court must "ensure that it has jurisdiction over the claims and parties." *Wagner v. Giniya Int'l Corp.*, 2020 WL 7774385, at *1 (M.D. Fla. Dec. 3, 2020), *report and recommendation adopted*, 2020 WL 7768949 (M.D. Fla. Dec. 30, 2020). Part of this inquiry requires a court to confirm that the defendant which is the subject of the default judgment has been properly served with the complaint. *Opella v. Rullan*, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011) ("Insufficient or improper service of process cannot support the entry of a default judgment, even if the defendant has actual notice of the suit."), *report and recommendation adopted*, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011).

If jurisdiction is established, a court must then ascertain whether "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The burden on the movant in this context is akin to the one borne by a party seeking to defeat a motion to dismiss for failure to state a claim. *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) ("The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim.") (per curiam) (citing *Surtain*, 789 F.3d at 1245);[3] *Chudasama v. Mazda Motor*

---

written notice of the application at least [seven] days before" a hearing on the matter. Fed. R. Civ. P. 55(b)(2). I assume for purposes of my analysis that Sky Group has received adequate notice of Beckford's motion.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

4

*Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). Thus, a court looks to see whether the complaint contains adequate factual averments, which—if accepted as true—state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If a claim is properly pleaded, a court must then address the issue of damages. A court may conduct an evidentiary hearing on that question, Fed. R. Civ. P. 55(b)(2)(B), but need not do so where the sought-after damages constitute a liquidated sum, are capable of mathematic calculation, or "where all essential evidence is already of record," *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citation omitted); *see also Perry Ellis Int'l, Inc. v. URI Corp.*, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007) (observing that a court may grant statutory damages which are predicated "upon affidavits and other documentary evidence if the facts are not disputed"); *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (finding that a hearing was unnecessary where the plaintiff requested statutory damages and "attached detailed declarations with accompanying documentary evidence" to its motion for a default judgment). Resolution of the damages issue is ultimately left to a court's sound discretion. *Axiom Worldwide, Inc. v. Excite Med. Corp.*, 591 F. App'x 767, 775 (11th Cir. 2014); *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 912 (11th Cir. 2011) (per curiam).

Each of these issues—jurisdiction, liability, and damages—will be addressed in turn.

A.

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over all civil actions "arising under" the laws of the United States. 28 U.S.C. § 1331. These laws include the FDCPA, and the Court therefore has jurisdiction over Beckford's FDCPA claim. *See* 15 U.S.C. § 1692k(d); *see also Johnson v. Critical Resol. Mediation LLC*, 2017 WL 2590007, at *3 (M.D. Fla. Apr. 24, 2017) (stating that the court had subject matter jurisdiction over the plaintiff's FDCPA claims because they were "federal claims"), *report and recommendation adopted*, 2017 WL 2578705 (M.D. Fla. June 14, 2017). Although not as clear, it also appears that the Court has supplemental jurisdiction over Beckford's FCCPA claim, insofar as that state law cause of action and her FDCPA claim are seemingly premised upon the same conduct. *See* 28 U.S.C. § 1367(a); *see also Chase v. Aspen Nat'l Fin., Inc.*, 2019 WL 13226074, at *3 (M.D. Fla. Oct. 4, 2019) (noting that "[t]he FCCPA is the 'Florida state analogue to the federal FDCPA'" and concluding that "supplemental jurisdiction over [the p]laintiffs' FCCPA claim[ existed] because the conduct that form[ed] the basis of the FDCPA claim [was] the same conduct that form[ed] the basis of the FCCPA claim") (citations omitted).

The Court likewise appears to have personal jurisdiction over Sky Group. The concept of personal jurisdiction is comprised of two distinct components: amenability to jurisdiction and service of process. *Prewitt Enters., Inc. v. Org. of Petrol. Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)). "Amenability to jurisdiction" means that a particular defendant is within the substantive reach of the court's jurisdiction under the governing

6

law, while service of process "is simply the physical means by which that jurisdiction is asserted." *DeMelo*, 711 F.2d at 1264 (citation omitted).

Here, Sky Group is alleged to be a Florida limited liability company with a principal address in Miami, Florida. *See* (Doc. 1); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (observing that a corporate defendant's place of incorporation and/or principal place of business is a "paradigm" basis for the exercise of general jurisdiction). Further, the return of service filed on the public docket reveals that Sky Group was properly served with the summons and complaint through its registered agent in accordance with Florida Statute § 48.062(1). (Doc. 6).

In light of the above, it seems that the Court has jurisdiction over both the claims and Sky Group.

B.

To prevail on her FDCPA claim, Beckford must establish that (1) she "has been the object of collection activity arising from [a] consumer debt;" (2) Sky Group "is a debt collector as defined by the FDCPA;" and (3) Sky Group "has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (internal quotation marks and citation omitted). A "debt" is defined under the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5).

The FCCPA, in turn, prohibits any person from, *inter alia*, "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some . . . legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). The FCCPA also prohibits any person from:

> [c]ommunicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within [thirty] days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. § 559.72(18).

Like the FDCPA, the above provisions in the FCCPA apply solely to the collection of "consumer debts." Fla. Stat. § 559.72; *see also Morgan v. Wilkins*, 74 So. 3d 179, 181 (Fla. Dist. Ct. App. 2011) (noting that section 559.72 "precludes certain conduct in collecting consumer debts") (internal quotation marks and citation omitted); *Little v. Halsted Fin. Servs., LLC*, 2017 WL 897428, at *3 (M.D. Fla. Mar. 7, 2017) (Honeywell, J.) (same). And akin to the term "debt" under the FDCPA, a "consumer debt" under the FCCPA is deemed to be "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." Fla. Stat. § 559.55(6).

Against this backdrop, Beckford's request for a default judgment on her FDCPA and FCCPA claims fails. In an effort to show that her loan from Sky Group constituted a qualifying "debt," Beckford merely asserts in conclusory fashion in her complaint that the loan "arose from a transaction which was primarily for family, personal, and household purposes"—namely, "a payday loan for personal purposes and expenses." (Doc. 1). Notably missing from this perfunctory averment are any specific facts regarding the particular nature of the supposed debt that would allow the Court to determine whether the debt truly was primarily for personal, family, or household purposes. *Little*, 2017 WL 897428, at *2–4 (denying a motion for default judgment where the plaintiff did not sufficiently allege the collection of a "consumer debt" under the FDCPA or the FCCPA); *Kennedy v. Nat'l Asset & Risk Mgmt., LLC*, 2013 WL 5487022, at *2 (M.D. Fla. Sept. 30, 2013) (denying a request for a default judgment where the plaintiff's complaint did not contain any factual averments regarding the purported debt but simply recited the statutory definition); *Hansen v. Cent. Adjustment Bureau, Inc.*, 348 So. 2d 608, 609 (Fla. Dist. Ct. App. 1977) (affirming the dismissal of an FCCPA claim because "[t]here [was] no allegation that the defendant was collecting consumer claims").

Beckford's motion for a default judgment on her FDCPA claim is infirm in another respect as well. A debt collector under the FDCPA is defined as a person or entity who "regularly collects or attempts to collect" another's debt. 15 U.S.C. § 1692a(6). Accordingly, the FDCPA does not ordinarily apply to a creditor trying to

9

collect its own debt. *Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015).

There are exceptions to this rule, however, including—of relevance here—where the creditor employs a false name in an effort to fool the debtor. 15 U.S.C. § 1692a(6); *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 (11th Cir. 2019). To fall within the ambit of this exception, a creditor must "(1) use a name other than its own (2) in a way that would indicate a third person is attempting to collect its debt (3) in the process of collecting its own debt." *Pinson*, 942 F.3d at 1209; *see also* 15 U.S.C. § 1692a(6). The test for satisfying the second element is not a robust one and is met where the "least sophisticated consumer" would objectively believe a third party was involved in collecting the debt. *Pinson*, 942 F.3d at 1209–11 (citations omitted).

Although "the least sophisticated consumer standard is a low bar," *id*. at 1210, Beckford does not clear it here. In short, the Court is skeptical that anyone standing in Beckford's shoes would believe that Sky Cash Collections was an unrelated third party attempting to collect on Beckford's debt with Sky Group, especially since Sky Group's full name is Sky Group USA, LLC and its website is known as Sky Cash USA. (Doc. 1). Indeed, while the June 2021 notice emailed to Beckford was signed by Sky Cash Collections, it separately states that "Sky Cash USA [was] contacting [Beckford] regarding the PAST DUE account [she had] with [it]." (Doc. 1-1).

The Eleventh Circuit's decision in *Pinson* is instructive in this regard. In that case, the plaintiff alleged, *inter alia*, that JPMorgan Chase violated the FDCPA when it reported the plaintiff's past due mortgage to a credit agency using the name Chase

10

Home Finance. *Pinson*, 942 F.3d at 1205–06. The court found that the plaintiff did not satisfy the least sophisticated consumer standard, reasoning:

> [The plaintiff] took out a mortgage on his home with JPMorgan Chase Bank in 2005. In this factual context, each part of the name "Chase Home Finance" suggests its association with [the plaintiff's] creditor, JPMorgan Chase. The word "Chase" in Chase Home Finance echoes the name of JPMorgan Chase, the holder of [the plaintiff's] mortgage. The words "Home Finance" call up the fact that [the plaintiff] had financed his home with the mortgage from JPMorgan Chase. Thus, even the least sophisticated consumer would connect Chase Home Finance with these "rudimentary" facts of his own mortgage with JPMorgan Chase. Because he took out a home mortgage with JPMorgan Chase, [the plaintiff's] perception of Chase Home Finance as a third-party debt collector rises to the level of idiosyncratic.

*Id.* at 1210 (citation and footnote omitted).

Evidence that Beckford, in fact, believed Sky Group and Sky Cash Collections were related can be found in both her complaint and her motion, where she expressly refers to "Sky Group"—not Sky Cash Collections—as the sender of the June 2021 email containing the "Past Due Notice." (Docs. 1, 33). That Beckford brought this action solely against Sky Group and did not name Sky Cash Collections as a co-defendant buttresses this conclusion.

C.

Because Beckford does not establish Sky Group's liability under either the FDCPA or the FCCPA, the Court need not consider the matter of damages at this juncture.

III.

Based upon the foregoing, it is hereby ORDERED:

1. Beckford's motion for a default judgment against Sky Group (Doc. 33) is denied without prejudice.

2. No later than March 27, 2023, Beckford may file a renewed motion for a default judgment or seek to amend her complaint. Beckford should ensure that any renewed motion for a default judgment fully addresses the deficiencies identified in this Order and that she otherwise fully briefs all the elements of all the claims she asserts in her operative complaint.

SO ORDERED in Tampa, Florida, this 27th day of February 2023.

*[signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any *pro se* parties